IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

CLARA WHITE,

    PLAINTIFF,

V.                                    CIVIL ACTION NO.

TURNER MEDICAL, INC.,

    DEFENDANT.                  JURY TRIAL DEMANDED

## COMPLAINT

**I. JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 1981 providing for injunctive and other relief against race discrimination.

**II. PARTIES**

2. Plaintiff, CLARA WHITE, (hereinafter "Plaintiff") is a citizen of the United States, and a resident of Harvest, Madison County, Alabama. Plaintiff was formerly employed by Defendant.

3. Defendant, TURNER MEDICAL, INC. (hereinafter "Defendant") is registered and doing business in the State of Alabama and is an entity subject to

1

suit under 42 U.S.C. § 1981.

## III. STATEMENT OF THE FACTS

4.  Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 3 above.

5.  Defendant hired Plaintiff on or about May 24, 2013.

6.  Defendant employed Plaintiff at its 130 Durham Avenue location in Athens, Alabama.

7.  Defendant employed Plaintiff in the position of QA Inspector.

8.  At all times while employed with Defendant, Plaintiff performed her job duties in a competent or better manner.

9.  Defendant terminated Plaintiff on August 11, 2015.

10. Shortly after Defendant terminated Plaintiff's employment, Defendant placed Kyle (LNU), a white male, in Plaintiff's former position.

11. Defendant employed Donna Horan in the position of QA Supervisor.

12. Donna Horan supervised Plaintiff.

13. Donna Horan is a white female.

14. Horan made the decision to terminate Plaintiff's employment.

## IV. COUNT ONE – Race – 42 U.S.C. § 1981

15. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 14 above.

16. Plaintiff is an African-American female

17. Defendant hired Plaintiff on May 24, 2013.

18. Defendant terminated Plaintiff's employment on August 11, 2015.

19. Horan made the decision to terminate Plaintiff's employment.

20. Horan's claimed reason for terminating Plaintiff's employment was that she claimed Plaintiff had inspected parts that were returned due to not being not assembled correctly.

21. However, Horan never gave Plaintiff the opportunity to inspect the returned parts and allow Plaintiff to verify that she had been the inspector or to see any paperwork to justify that she had done anything whatsoever wrong.

22. Plaintiff disputed that she did anything wrong.

23. Every other QA inspector reporting to Horan is white.

24. After Horan terminated Plaintiff's employment, Defendant employed only four black employees out of a 200 person or more employee workforce.

25. Horan supervised other white QA inspectors, including Chandler Jordan, Marie Ezell, and Shannon (LNU) that had returns from customers.

26. Horan did not discipline other white QA inspectors, including Chandler Jordan, Marie Ezell, and Shannon (LNU), yet Defendant terminated Plaintiff's employment on the accusation of a first offense.

27. Defendant's actions in failing to protect Plaintiff from a sexually

hostile work environment created by Russell was a violation of 42 U.S.C. § 1981

28.     As a result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the Defendant violate the rights of the Plaintiff as secured by 42 U.S.C. § 1981.

B.     Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate 42 U.S.C. § 1981.

C.     Enter an Order requiring Defendant to make Plaintiff whole by awarding her front-pay, back-pay (plus interest) compensatory damages, punitive damages, special damages, and/or nominal damages, injunctive and declaratory relief, and benefits.

D.     Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
ALLEN D. ARNOLD

_____
KIRA FONTENEAU

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
(205) 252-1550 – Office
(205) 502-4476 – Facsimile


**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL


DEFENDANT'S ADDRESS:
Turner Medical, Inc.
c/o David W. Brackeen
130 Durham Drive
Athens, AL 35611